GARDEN, JUDGE:
The evidence disclosed that the claimant’s automobile, a 1971 Toyota, was stolen from a parking lot at a Holiday Inn in Edinboro, Pennsylvania, by three juveniles from the State of New York during the evening of January 21, 1979. The three juveniles then proceeded south into West Virginia, and, between 5:00 p.m. and 6:00 p.m. on January 22, 1979, they attempted to rob a grocery store in the Clendenin area. Later, they successfully robbed a Rite-Aid pharmacy in Elkview, West Virginia.
After robbing the pharmacy, the three juveniles, still operating claimant’s vehicle, proceeded south on Route 119 toward Charleston. Corporal S. W. Booth of respondent’s Big Chimney detachment, having been furnished a description of claimant’s vehicle, spotted the same and activated his cruiser’s emergency flashers, siren, and blue light in an attempt to stop the southbound vehicle. Realizing that the car was not going to stop, Corporal Booth requested that a roadblock be set up at Newhouse Drive near Charleston. This was done by placing a tractor trailer across both lanes of Route 119. As the Toyota approached the roadblock, it veered to the right, and Corporal Booth, realizing that the car may avoid the roadblock, intentionally struck the right rear of the Toyota with the right front of his cruiser. This caused the Toyota to strike the rear of the tractor trailer. The juveniles were then apprehended, but, in the chase, the Toyota had been heavily damaged.
The respondent filed an Amended Answer admitting the allegations contained in the Notice of Claim and joined in the claimant’s request that the claim be paid. This Court made an award in Bradfield v. Dept. of Public Safety, 10 Ct. Cl. 130, where the claimant’s car was used by officers of the respondent *97 in forming a roadblock, and the car was damaged when struck by a car being driven by a suspected armed robber. While the facts in Bradfield are dissimilar to the present factual situation, the Court is of the opinion that this claim in equity and good conscience should be paid.
Claimant’s husband testified that he had paid $1,100.00 for the car three or four months prior to the incident herein described, and that he later junked the car and obtained nothing in the form of salvage. Three repair estimates were introduced into evidence, all of which exceeded what we deem to be the fair market value of the car, namely, $1,100.00.
For the reasons expressed, an award is hereby made in favor of the claimant in the amount of $1,100.00.
Award of $1,100.00.